David E. De Lorenzi
Lisa H. Wang
**Gibbons P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500
Facsimile: (973) 596-0545

Edgar H. Haug (ehaug@flhlaw.com)
Porter F. Fleming (pfleming@flhlaw.com)
Angus Chen (achen@flhlaw.com)
**Frommer Lawrence & Haug LLP**
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 588-0800
Facsimile: (212) 588-0500

Attorneys for Plaintiff
The Medicines Company

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE MEDICINES COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>APOTEX INC. and APOTEX CORP.<br><br>Defendants. | Civil Action No. 3:13-cv-02801-PGS-DEA<br><br>***DOCUMENT ELECTRONICALLY FILED*** |

**<u>THE MEDICINES COMPANY'S REPLY TO APOTEX'S COUNTERCLAIMS</u>**

Plaintiff The Medicines Company sets forth its reply to the numbered paragraphs of Defendants Apotex Inc.'s and Apotex Corp.'s (collectively "Apotex") July 19, 2013 Counterclaims below.

## THE MEDICINES COMPANY'S REPLY TO THE NATURE OF THIS ACTION

1. Counterclaim: Apotex repeats and incorporates by reference each of the foregoing paragraphs of Apotex's Answer and Separate Defenses to the Complaint.

Reply: The allegations in the paragraphs of Apotex Inc.'s and Apotex Corp.'s (collectively "Apotex") Answer and Separate Defenses to the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, The Medicines Company denies the allegations in Apotex's Answer and Separate Defenses to the Complaint, except those allegations expressly admitted below.

2. Counterclaim: This is an action for a declaratory judgment of non-infringement and invalidity of one or more claims of United States Patent Nos. 7,582,727 ("the '727 patent") and 7,598,343 ("the '343 patent") under 28 U.S.C. §§ 2201 and 2202. Upon information and belief, a true and correct copy of the '727 patent was attached to the Complaint (D.I. 1) as Exhibit A, and a true and correct copy of the '343 was attached to the Complaint (D.I. 1) as Exhibit B.

Reply: The Medicines Company admits that Apotex purports to assert its Counterclaim under 28 U.S.C. §§ 2201 and 2202 but denies that the Counterclaim is valid. The Medicines Company admits that it attached true and correct copies of the '727 and '343 patents to the complaint (ECF No. 1) as Exhibits A and B, respectively.

## REPLY APOTEX'S COUNTERCLAIM CONCERNING THE PARTIES

3. Counterclaim: Apotex, Inc. is corporation organized and existing under the laws of Canada, with a place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9.

Reply: Upon information and belief, The Medicines Company is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Counterclaim, and therefore denies them.

4. Counterclaim: Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 2400 North Commerce Parkway, Suite 400, Weston Florida, 33326.

Reply: Upon information and belief, The Medicines Company is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Counterclaim, and therefore denies them.

5. Counterclaim: On information and belief, Counterclaim Defendant The Medicines Company is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 8 Sylvan Way, Parsippany, New Jersey 07054.

Reply: Admitted.

**REPLY APOTEX'S COUNTERCLAIM CONCERNING JURISDICTION**

6. Counterclaim: This Court has subject matter jurisdiction over these Counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1337(a), 1338(a), 2201(a) and (b), and 2202, based on an actual controversy between Apotex, on the one hand, and Counterclaim Defendant The Medicines Company, on the other hand, arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

Reply: The allegations in paragraph 6 of the Counterclaim set forth legal conclusions for which no response is required. To the extent that a response is required, The Medicines Company admits that Apotex purports to assert its Counterclaims pursuant to 28 U.S.C. § 1331, 1337(a), 1338(a), 2201(a) and (b), and 2202, but denies that the Counterclaims are valid, sustainable, or that there is subject matter jurisdiction over them.

7. Counterclaim: This court has personal jurisdiction over Counterclaim Defendant The Medicines Company based, *inter alia*, on the filing by Counterclaim Defendant The

Medicines Company of this lawsuit in this jurisdiction and because Counterclaim Defendant The Medicines Company is doing business in this jurisdiction.

Reply: The allegations in paragraph 7 of the Counterclaim set forth legal conclusions for which no response is required. To the extent that a response is required, The Medicines Company admits that that: (a) this Court has personal jurisdiction over The Medicines Company; (b) it sued Apotex in this forum; and (c) it does business in this District. The Medicines Company denies the remaining allegations in paragraph 7.

8. Counterclaim: Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

Reply: The allegations in paragraph 8 of the Counterclaim set forth legal conclusions for which no response is required. To the extent that a response is required, The Medicines Company admits that venue is proper in this Court.

**REPLY APOTEX'S COUNTERCLAIM CONCERNING ORANGE BOOK LISTING OF THE '727 AND '343 PATENTS**

9. Counterclaim: On information and belief, on September 1, 2009, the United States patent (sic) and Trademark Office ("USPTO") issued United States Patent No. 7,582,727 ("the '727 patent"), entitled Pharmaceutical formulations of bivalirudin and processes of making the same. According to the electronic records of the USPTO, The Medicines Company is the purported assignee of the '727 patent.

Reply: The Medicines Company admits that U.S. Patent No. 7,582,727 ("the '727 patent") is entitled "Pharmaceutical formulations of bivalirudin and processes of making the same" and that it issued on September 1, 2009. The Medicines Company admits that it is the owner, by assignment, of the '727 patent. The Medicines Company denies the remaining allegations in paragraph 9 of the Counterclaim.

10. Counterclaim: On information and belief, on October 6, 2009, the United States patent (sic) and Trademark Office ("USPTO") issued United States Patent No. 7,598,343 ("the '343 patent"), entitled Pharmaceutical formulations of bivalirudin and processes of making the same. According to the electronic records of the USPTO, The Medicines Company, is the purported assignee of the '343 patent.

Reply: The Medicines Company admits that U.S. Patent No. 7,598,343 ("the ’343 patent") is entitled "Pharmaceutical formulations of bivalirudin and processes of making the same" and that it issued on October 6, 2009. The Medicines Company admits that it is the owner, by assignment, of the ’343 patent. The Medicines Company denies the remaining allegations in paragraph 10 of the Counterclaim.

11. Counterclaim: The Hatch-Waxman Amendments to the Food, Drug and Cosmetic Act require NDA holders to disclose to the FDA the patent numbers and expiration dates of those patents that the holder believes claim the "drug" for which their NDA is submitted, or patents covering a "method of using such drug." 21 U.S.C. §§ 355(b)(1) and (c)(2).

Reply: The allegations in paragraph 11 of the Counterclaim set forth legal conclusions for which no response is required. To the extent that a response is required, The Medicines Company listed the ’727 and ’343 patents in the Orange Book as covering The Medicines Company's Angiomax® product. The Medicines Company denies the remaining allegations in paragraph 11.

12. Counterclaim: On information and belief, pursuant to 21 U.S.C. §§ 355(b)(1)(G), Counterclaim Defendant The Medicines Company caused the FDA to list the '727 and the '343 patents in the Orange Book in connection with NDA No. 020873 for ANGIOMAX® (bivalirudin), 250 mg/vial, for injection ("the ANGIOMAX® NDA").

Reply: The allegations in paragraph 12 of the Counterclaim set forth legal conclusions for which no response is required. To the extent that a response is required, The Medicines Company admits that it listed the ’727 and ’343 patents in the Orange Book for its bivalirudin injectable drug product, 250 mg/vial, which is sold under the trade name Angiomax®. The Medicines Company denies the remaining allegations of paragraph 12 of the Counterclaim.

13. Counterclaim: By maintaining the listings of the ‘727 and ‘343 patents in the Orange Book, Counterclaim Defendant The Medicines Company represent that the ‘727 and the ‘343 patents “could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug.” 21 U.S.C. § 355(b)(1)(G).

Reply: The allegations in paragraph 13 of the Counterclaim set forth legal conclusions for which no response is required. To the extent that a response is required, The Medicines Company admits that the Orange Book lists the ’727 and ’343 patents in connection with The Medicines Company’s bivalirudin injectable drug product, 250 mg/vial. The Medicines Company admits that the quoted language in paragraph 13 of the Counterclaim appears in 21 U.S.C. § 355(b)(1)(G). The Medicines Company denies the remaining allegations of paragraph 13.

## REPLY APOTEX’S COUNTERCLAIM CONCERNING APOTEX’S ABBREVIATED NEW DRUG APPLICATION

14. Counterclaim: Apotex filed ANDA No. 204876 with the FDA seeking approval to market the bivalirudin, 250 mg/vial, for injection described therein.

Reply: The Medicines Company admits that Apotex has informed The Medicines Company that Apotex has prepared, submitted, and/or filed ANDA No. 204876 with the FDA seeking approval to market a 250 mg/vial bivalirudin drug product for intravenous injection.

**REPLY APOTEX'S COUNTERCLAIM**
**CONCERNING THE PRESENCE OF A CASE OR CONTROVERSY**

15. Counterclaim: By maintaining the [O]range Book listing of the '727 and '343 patents in connection with the ANGIOMAX® NDA, Counterclaim Defendant The Medicines Company continues to represent that the '727 and '343 patents could reasonably be asserted against anyone making, using or selling generic bivalirudin, 250 mg/vial, for injection without a license from The Medicines Company.

Reply: The allegations in paragraph 15 of the Counterclaim set forth legal conclusions for which no response is required. To the extent that a response is required, The Medicines Company admits that the Orange Book lists the '727 and '343 patents in connection with The Medicines Company's bivalirudin injectable drug product, 250 mg/vial. The Medicines Company denies the remaining allegations of paragraph 15.

16. Counterclaim: Counterclaim Defendant The Medicines Company has filed an infringement action under 35 U.S.C. § 271(e)(2)(A) and 35 U.S.C. §§ 271(a), (b), and (c) asserting the '727 and '343 patents against Apotex Inc. and Apotex Corp. There has been and is now an actual and justiciable controversy between Apotex Inc. and Apotex Corp. on the one hand and Counterclaim Defendants The Medicine[s] Company on the other hand as to whether the products disclosed in Apotex's ANDA No. 204876 infringe the '727 and/or the '343 patents and whether any valid, enforceable claim in either the '727 or '343 patents exist.

Reply: The allegations in paragraph 16 of the Counterclaim set forth legal conclusions for which no response is required. To the extent that a response is required, The Medicines Company admits that it filed an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, asserting the '727 and '343 patents against Apotex Inc. and Apotex Corp. The Medicines Company admits that its action for patent

infringement created an actual justiciable controversy between The Medicines Company and Apotex concerning the infringement, validity and enforceability of the asserted claims of the ’727 and ’343 patents. The Medicines Company denies the remaining allegations of paragraph 16.

17. Counterclaim: Apotex seeks to market the bivalirudin, 250 mg/vial, for injection product that is the subject of ANDA No. 204875 in the United States.

Reply: Upon information and belief, Apotex has informed The Medicines Company that Apotex seeks to market, make, use, sell, offer for sale, and/or import the bivalirudin, 250 mg/vial, for injection product that is the subject of ANDA No. 204875 in the United States.

18. Counterclaim: If Apotex succeeds in proving that its bivalirudin, 250 mg/vial, for injection product does not infringe the ‘727 or ‘343 patents or that the ‘727 or ‘343 patents are invalid or unenforceable, such a judgment will remove any uncertainty that may exist by virtue of Counterclaim Defendant The Medicine Company’s maintenance of the ‘727 and ‘343 patents in the Orange Book in connection with the ANGIOMAX® NDA.

Reply: The allegations in paragraph 18 of the Counterclaim set forth legal conclusions for which no response is required. To the extent that a response is required, The Medicines Company denies the allegations in paragraph 18.

19. Counterclaim: In light of all the circumstances, an actual substantial and continuing justiciable controversy having sufficient immediacy and reality to warrant the issuance of a declaration of rights by the Court exists between Counterclaim Defendant The Medicines company and Apotex as to whether the claims of the ‘727 and ‘343 patents are invalid and/or not infringed by Apotex.

Reply: The allegations in paragraph 19 of the Counterclaim set forth legal conclusions for which no response is required. To the extent that a response is required, The Medicines Company admits that an actual and justiciable case or controversy exists between The Medicines Company and Apotex concerning the infringement, validity, and enforceability of the asserted claims of the ’727 and ’343 patents. The Medicines Company denies the remaining allegations of paragraph 19.

**REPLY APOTEX’S COUNTERCLAIM CONCERNING THE FIRST COUNT (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ‘727 PATENT)**

20. Counterclaim: Apotex repeats and incorporates by reference each of the foregoing paragraphs of Apotex’s Answer and Separate Defenses to the Complaint and of these Counterclaims.

Reply: The Medicines Company repeats and incorporates by reference each of the foregoing paragraphs.

21. Counterclaim: This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Apotex and Counterclaim Defendant The Medicines Company concerning the claims of the ‘727 patent.

Reply: The allegations in paragraph 19 of the Counterclaim set forth legal conclusions for which no response is required. To the extent that a response is required, The Medicines Company admits that Apotex purports to assert a Counterclaim under the Patent Laws of the United States and the Declaratory Judgment Act, but denies that the Counterclaim is valid. The Medicines Company admits that an actual and justiciable case or controversy exists between

The Medicines Company and Apotex concerning the infringement, validity and enforceability of the asserted claims of the ’727 patent. The Medicines Company denies the remaining allegations of paragraph 21.

22. Counterclaim: Counterclaim Defendant The Medicines Company asserts that the commercial manufacture, use, offer for sale, or sale of the Apotex’s bivalirudin, 250 mg/vial, for injection product described in ANDA No. 204876 infringe the claims of the ‘727 patent.

Reply: The Medicines Company admits that it asserts that the manufacture, use, offer for sale, sale, and/or importation into the United States of Apotex’s bivalirudin, 250 mg/vial, for injection product described in ANDA No. 204876 infringes one or more claims of the ’727 patent directly under 35 U.S.C. § 271(a) and/or indirectly under 35 U.S.C. § 271(b) and/or (c).

23. Counterclaim: Apotex asserts that no valid claim of the ‘727 patent is infringed by the manufacture, use, offer for sale, or sale of Apotex’s bivalirudin, 250 mg/vial, for injection product described in ANDA No. 204876.

Reply: The Medicines Company admits that Apotex has asserted noninfringement of the ’727 patent but denies those assertions and allegations. The Medicines Company denies the remaining allegations in paragraph 23 of the Counterclaim.

24. Counterclaim: Apotex is entitled to a declaration that the manufacture, use, offer for sale, and sale of Apotex’s bivalirudin, 250 mg/vial, for injection product described in ANDA No. 204876 do not infringe any valid claim of the ‘727 patent.

Reply: The Medicines Company denies the allegations in paragraph 24 of the Counterclaim.

**REPLY APOTEX'S COUNTERCLAIM CONCERNING THE SECOND COUNT (DECLARATORY JUDGMENT OF INVALIDITY OF THE '727 PATENT)**

25. Counterclaim: Apotex repeats and incorporates by reference each of the foregoing paragraphs of Apotex's Answer and Separate Defenses to the Complaint and of these Counterclaims.

Reply: The Medicines Company repeats and incorporates by reference each of the foregoing paragraphs.

26. Counterclaim: This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Apotex and Counterclaim Defendant The Medicines Company concerning the claims of the '727 patent.

Reply: The allegations in paragraph 26 of the Counterclaim set forth legal conclusions for which no response is required. To the extent that a response is required, The Medicines Company admits that Apotex purports to assert a Counterclaim under the Patent Laws of the United States and the Declaratory Judgment Act, but denies that the Counterclaim is valid. The Medicines Company admits that an actual and justiciable case or controversy exists between The Medicines Company and Apotex concerning the infringement, validity and enforceability of the asserted claims of the '727 patent. The Medicines Company denies the remaining allegations of paragraph 26.

27. Counterclaim: Counterclaim Defendant The Medicines Company asserts that the commercial manufacture, use, offer for sale or sale of the Apotex's bivalirudin, 250 mg/vial, for injection product described in ANDA No. 204876 infringe the claims of the '727 patent.

Reply: The Medicines Company admits that it asserts that the manufacture, use, offer for sale, sale and/or importation into the United States of Apotex's bivalirudin, 250 mg/vial, for injection product described in ANDA No. 204876 infringes one or more claims of the '727 patent directly under 35 U.S.C. § 271(a) and/or indirectly under 35 U.S.C. § 271(b) and/or (c).

28. Counterclaim: Apotex asserts that the manufacture, use, offer for sale, or sale of Apotex's bivalirudin, 250 mg/vial, for injection product described in ANDA No. 204876 does not infringe any valid claim of the '727 patent, and that the claims of the '727 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 103, 103 or 112, or other judicially-created bases for invalidation.

Reply: The Medicines Company admits that Apotex has asserted invalidity of the '727 patent but denies those assertions and allegations. The Medicines Company denies the remaining allegations in paragraph 28 of the Counterclaim.

29. Counterclaim: Apotex is entitled to a declaration that the claims of the '727 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 103, 103, or 112, or other judicially-created bases for invalidation.

Reply: The Medicines Company denies the allegations in paragraph 29 of the Counterclaim.

**REPLY APOTEX'S COUNTERCLAIM CONCERNING THE THIRD COUNT (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '343 PATENT)**

30. Counterclaim: Apotex repeats and incorporates by reference each of the foregoing paragraphs of Apotex's Answer and Separate Defenses to the Complaint and of these Counterclaims.

Reply: The Medicines Company repeats and incorporates by reference each of the foregoing paragraphs.

31. Counterclaim: This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Apotex and Counterclaim Defendant The Medicines Company concerning the claims of the '343 patent.

Reply: The allegations in paragraph 31 of the Counterclaim set forth legal conclusions for which no response is required. To the extent that a response is required, The Medicines Company admits that Apotex purports to assert a Counterclaim under the Patent Laws of the United States and the Declaratory Judgment Act, but denies that the Counterclaim is valid. The Medicines Company admits that an actual and justiciable case or controversy exists between The Medicines Company and Apotex concerning the infringement, validity and enforceability of the asserted claims of the '343 patent. The Medicines Company denies the remaining allegations of paragraph 31.

32. Counterclaim: Counterclaim Defendant The Medicines Company asserts that the commercial manufacture, use, offer for sale, or sale of the Apotex's bivalirudin, 250 mg/vial, for injection product described in ANDA No. 204876 infringe the claims of the '343 patent.

Reply: The Medicines Company admits that it asserts that the manufacture, use, offer for sale, sale, and/or importation into the United States of Apotex's bivalirudin, 250 mg/vial, for injection product described in ANDA No. 204876 infringes one or more claims of

the ’343 patent directly under 35 U.S.C. § 271(a) and/or indirectly under 35 U.S.C. § 271(b) and/or (c).

33. Counterclaim: Apotex asserts that no valid claim of the ‘343 patent is infringed by the manufacture, use, offer for sale, or sale of Apotex’s bivalirudin, 250 mg/vial, for injection product described in ANDA No. 204876.

Reply: The Medicines Company admits that Apotex has asserted noninfringement of the ’343 patent but denies those assertions and allegations. The Medicines Company denies the remaining allegations in paragraph 33 of the Counterclaim.

34. Counterclaim: Apotex is entitled to a declaration that the manufacture, use, offer for sale, and sale of Apotex’s bivalirudin, 250 mg/vial, for injection product described in ANDA No. 204876 do not infringe any valid claim of the ‘343 patent.

Reply: The Medicines Company denies the allegations in paragraph 34 of the Counterclaim.

**REPLY APOTEX’S COUNTERCLAIM CONCERNING THE FOURTH COUNT (DECLARATORY JUDGMENT OF INVALIDITY OF THE ’343 PATENT)**

35. Counterclaim: Apotex repeats and incorporates by reference each of the foregoing paragraphs of Apotex’s Answer and Separate Defenses to the Complaint and of these Counterclaims.

Reply: The Medicines Company repeats and incorporates by reference each of the foregoing paragraphs.

36. Counterclaim: This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this

Court exists between Apotex and Counterclaim Defendant The Medicines Company concerning the claims of the ‘343 patent.

Reply: The allegations in paragraph 26 of the Counterclaim set forth legal conclusions for which no response is required. To the extent that a response is required, The Medicines Company admits that Apotex purports to assert a Counterclaim under the Patent Laws of the United States and the Declaratory Judgment Act, but denies that the Counterclaim is valid. The Medicines Company admits that an actual and justiciable case or controversy exists between The Medicines Company and Apotex concerning the infringement, validity and enforceability of the asserted claims of the ’343 patent. The Medicines Company denies the remaining allegations of paragraph 36.

37. Counterclaim: Counterclaim Defendant The Medicines Company asserts that the commercial manufacture, use, offer for sale, or sale of the Apotex’s bivalirudin, 250 mg/vial, for injection product described in ANDA No. 204876 infringe the claims of the ‘343 patent.

Reply: The Medicines Company admits that it asserts that the manufacture, use, offer for sale, sale and/or importation into the United States of Apotex’s bivalirudin, 250 mg/vial, for injection product described in ANDA No. 204876 infringes one or more claims of the ’343 patent directly under 35 U.S.C. § 271(a) and/or indirectly under 35 U.S.C. § 271(b) and/or (c).

38. Counterclaim: Apotex asserts that the manufacture, use, offer for sale, or sale of Apotex’s bivalirudin, 250 mg/vial, for injection product described in ANDA No. 204876 does not infringe any valid claim of the ‘343 patent, and that the claims of the ‘343 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 103, 103 or 112, or other judicially-created bases for invalidation.

Reply: The Medicines Company admits that Apotex has asserted invalidity of the ’343 patent but denies those assertions and allegations. The Medicines Company denies the remaining allegations in paragraph 38 of the Counterclaim.

39. Counterclaim: Apotex is entitled to a declaration that the claims of the ‘343 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 103, 103, or 112, or other judicially-created bases for invalidation.

Reply: The Medicines Company denies the allegations in paragraph 39 of the Counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff The Medicines Company respectfully requests the following relief:

(a) A judgment dismissing with prejudice Apotex’s Counterclaims in their entirety;

(b) A judgment awarding The Medicines Company its attorneys’ fees and costs in defending Apotex’s Counterclaims; and

(c) Such other and further relief as this Court may deem just and proper.

Attorneys for Plaintiff
The Medicines Company

/s/David E. De Lorenzi
David E. De Lorenzi
Lisa H. Wang
**Gibbons P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500
Facsimile: (973) 596-0545

Edgar H. Haug (ehaug@flhlaw.com)
Porter F. Fleming (pfleming@flhlaw.com)
Angus Chen (achen@flhlaw.com)
**FROMMER LAWRENCE & HAUG LLP**

745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Facsimile: (212) 588-0500

Dated: August 26, 2013